## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GERALD ULIBARRI,
on behalf of himself and a class
of similiarily situated persons

                         Plaintiff

v.                                              No. 1:18-cv-00294-KK-SCY

ENERGEN RESOURCES CORPORATION

                         Defendant

## FIRST AMENDED CLASS ACTION COMPLAINT

   Plaintiff Gerald Ulibarri ("Plaintiff"), for his first amended class action complaint against

Defendant Energen Resources Corporation ("Energen"), alleges:

## CLASS DEFINITION

   1.    Plaintiff brings this action individually and on behalf of a proposed Class of

similarly situated persons, consisting of:

> All persons and entities to whom Energen paid royalties on natural gas
> produced by Energen from wells located in the state of New Mexico
> between September 1, 2007 and May 31, 2015, pursuant to leases or
> overriding royalty agreements (collectively, "Royalty Agreements") which
> contain a royalty provision which obligated Energen to pay royalties based
> on a specified percentage of "the proceeds of the gas, as such, for gas from
> wells where gas only is found," ("proceeds royalty provision"), or a royalty
> provision which obligates Energen to pay royalties based upon a specified
> percentage "of the gross proceeds each year, payable quarterly, for the gas
> from each well where gas only is found" ("gross proceeds royalty
> provision"), or a royalty provision which obligates Energen to pay royalties
> based upon a specified percentage "of the gross proceeds at the prevailing
> market rate" ("gross proceeds at the prevailing market rate royalty
> provision").  Examples of leases containing a proceeds royalty provision, a
> gross proceeds royalty provision, or a prevailing market rate royalty
> provision are attached hereto as Exhibits 1, 2, 3, and 4.  The defined Class
> excludes: (a) the United States; (b) any person or entity whose only Royalty
> Agreement[s] with Energen contains a royalty provision[s] stating that the
> royalty on natural gas production is to be paid based upon the "market value

at the well", or the "prevailing field market price", or any other "at the well" language; (c) any person or entity who has been a working interest owner in a well located in New Mexico on whose behalf Energen paid royalties on natural gas produced by Energen in New Mexico after September 1, 2007; and (d) Energen and its affiliates, and their respective employees, officers and directors.

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff Gerald Ulibarri is a resident and citizen of New Mexico, and has been paid royalties by Energen.

3.      Defendant Energen is a corporation incorporated under the laws of the State of Alabama, which has its principal place of business at 605 Richard Arrington Jr. Boulevard, Birmingham, Alabama 35203.

4.      This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (a) Plaintiff has brought this case as a class action; (b) the proposed Class of plaintiffs exceeds 100 members; (c) the proposed Class contains at least one Class member who is a citizen of a state different from the State of Alabama, where Energen is a citizen; and (d) the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

5.      This Court has personal jurisdiction over Energen because Energen has conducted substantial business activities in the State of New Mexico, and because the acts and conduct of Energen giving rise to the claims asserted in this class action complaint occurred in the State of New Mexico.

6.      Pursuant to 28 U.S.C. § 1391, venue is proper in this Court.

## FACTUAL ALLEGATIONS

7.      Between September 1, 2007 and March 31, 2015, Energen produced natural gas from gas only wells in New Mexico ("Energen Wells") pursuant to more than 100 Royalty Agreements which contain a proceeds royalty provision, a gross proceeds royalty provision, or a

2

prevailing market rate royalty provision, and paid royalties to members of the defined Class under such Royalty Agreements.  Pursuant to Energen's royalty accounting methodology, Energen paid royalties to Plaintiff and the members of the defined Class approximately two months after Energen had produced the natural gas from the Energen Wells.  The last month which Energen paid royalties to Plaintiff and the members of the defined Class pursuant to the Royalty Agreements was May 2015.

8.     On March 23, 1953, Ramon Ulibarri, Elias Ulibarri, Cedelia Ulibarri, Atancio Ulibarri, and Tena Cook Ulibarri, as Lessors, entered into two oil and gas leases with Stanolind Oil and Gas Company, as Lessee ("the Ulibarri Leases").  A copy of the two Ulibarri Leases are attached hereto as Exhibits 1 and 2.

9.     Prior to September 1, 2007, the Lessee's interests under the Ulibarri Leases were assigned to Energen.  Energen held the Lessee's interests under the Ulibarri Leases between September 1, 2007 and March 31, 2015, at which time Energen assigned its Lessee's interests under the two Ulibarri Leases to Southland Royalty Company, LLC ("Southland").  Since September 1, 2007, Plaintiff has held the Lessors' interests under the two Ulibarri Leases.  Energen paid royalties to Plaintiff under the two Ulibarri Leases at various times between September 1, 2007 and May 31, 2015.

10.     Both Ulibarri Leases (Exs. 1 and 2) have identical proceeds royalty provisions, which state, in pertinent part:

> 4. The lessee shall pay lessor, as royalty, one-eighth of the proceeds from the sale of the gas, as such, for gas from wells where gas only is found…

11.     Both Ulibarri Leases (Exs. 1 and 2) contain the following provision, which is commonly referred to as a "Free Fuel Use" provision:

> 9. The lessee shall have the right to use, free of cost, gas, oil and water found on said land for its operations thereon, except water from the wells of the lessor.

The Free Fuel Use provision allowed Energen to use gas as fuel for certain natural gas operations. There are no other provisions in the two Ulibarri Leases which allow the lessee to make any other deductions from the proceeds received on the sale of the natural gas produced from the gas wells subject to the two Ulibarri Leases.

12.     In addition to the Plaintiff, numerous other members of the Class have Royalty Agreements that contain a proceeds royalty provision.

13.     Numerous members of the Class have Royalty Agreements which obligated Energen to pay royalties pursuant to the following gross proceeds royalty provision (*See, e.g.*, Ex. 3):

> To pay Lessor one-eighth (1/8) of the gross proceeds each year, payable quarterly, for the gas from each well where gas only is found, while the same is being used off the premises, and if used in the manufacture of gasoline a royalty of one-eighth (1/8), payable monthly at the prevailing market rate for gas.

14.     Numerous members of the Class have Royalty Agreements that obligated Energen to pay Royalties pursuant to the following gross proceeds at the prevailing market price royalty provision (*See, e.g.*, Ex. 4):

> Second. To pay lessor for gas from each well where gas only is found, the equal one-eighth (1/8) of the gross proceeds at the prevailing market rate, for all gas used off the premises, said payments to be made quarterly…

15.     The Royalty Agreements that contain the gross proceeds royalty provision and the prevailing market rate royalty provision also have Free Fuel Use provisions. (*See, e.g.*, Exs. 3-4).

16.     Under the proceeds royalty provision, the gross proceeds royalty provision, and the gross proceeds at the prevailing market rate royalty provision, Energen was obligated to pay

royalties based on the proceeds received on the sale of gas, including residue gas, natural gas liquid products, and condensate, which Energen produced from Plaintiff's and the Class members' Energen Wells. The only allowable deduction which Energen was authorized to take in the calculation and payment of the Class members' royalties was for the use of fuel in connection with certain natural gas operations, as permitted under the Free Fuel Use provisions set forth in the Class members' Royalty Agreements.

17.     Energen continuously produced gas from Plaintiff's and the Class members' Energen Wells pursuant to their Royalty Agreements between September 1, 2007 and March 31, 2015, at which time Energen assigned all of its interests in the Class members' Royalty Agreements to Southland.

18.     On information and belief, between September 1, 2007 and March 31, 2015, all of the gas which Energen produced from the wells subject to the Class members' Royalty Agreements was produced from wells where gas only is found.

19.     During the time period Energen produced gas from the Class members' Energen Wells, Energen had contracts with various third party companies that own gathering systems and processing plants, in which the third parties gathered, compressed, and processed the raw gas which Energen produced from Plaintiff's and the Class members' Energen Wells.

20.     Under the above-referenced gathering and processing agreements, the third party gathering and processing companies charged Energen for their gathering, compressing, and processing services. These companies also charged Energen fees for its share of the New Mexico Natural Gas Processors Tax ("NGPT"), for transporting the natural gas liquids to fractionation facilities, and for fractionating the extracted natural gas liquids into individual natural gas liquid

products (ethane, propane, butane, iso-butane, and pentanes), which were thereafter sold to third party purchasers.

21.     The above-referenced gathering and processing agreements permitted the gathering and processing companies to obtain and sell drip condensate produced from Plaintiff's and the Class members' Energen Wells, and to retain, as a percentage of proceeds, certain volumes of natural gas liquids (in kind) as part of their processing charges to Energen.

22.     After treatment and processing, the gas which came from the Class members' wells was converted into residue gas, natural gas liquids and condensate, are then sold to third party purchasers.

23.     Energen did not pay royalties to Plaintiff or the Class on the sale proceeds received on the sale of gas and/or the prevailing market prices, including proceeds received on the sale of residue gas, natural gas liquids, and condensate, to third party purchasers.

24.     The proceeds received on the sale of gas, natural gas liquids and condensate which came from Plaintiff's and the Class members' wells are essentially equivalent to the prevailing market price for such natural gas products.

25.     Under the proceeds royalty provision, the gross proceeds royalty provision, and the gross proceeds at the prevailing market rate royalty provision, Energen was contractually obligated to pay royalties based upon a specified percentage of the sales proceeds received on the sale of the gas, including residue gas, individual natural gas liquid products, and condensate, which Energen produced from Plaintiff's and the Class members' Energen Wells.

26.     Energen breached the applicable Royalty Agreements by engaging in a common method of royalty accounting which: (1) calculated a value for the royalties which were paid to Plaintiff and the Class members that was substantially less than the sale proceeds received on the

sale of gas, including residue gas, natural gas liquid products, and condensate, which came from Plaintiff's and the Class members' Energen Wells; and (2) improperly deducted costs for gathering, compression, processing, NGPT, natural gas liquids transportation and fractionation, and other costs and expenses.

27.     As a direct result of Energen's breaches of the Class members' Royalty Agreements, the royalties owed to Plaintiff and the members of the Class were consistently and substantially underpaid.

28.     Plaintiff and the members of the Class defined in Paragraph 1 of this class action complaint were members of the putative class in an earlier class action case filed against Energen, which was captioned *Anderson Living Trust, et al. v. Energen Resources Corporation*, Case No. 1:13-cv-00909-WJ-CG, United States District Court for the District of New Mexico ("the *Anderson Trust* class action").  For purposes of the six year statute of limitations which applies to the breach of contract claims asserted in this class action complaint, that limitations period was tolled, for Plaintiff and the members of the defined Class in this case, from the date the *Anderson Trust* class action was filed on September 20, 2013 until the Tenth Circuit rendered its March 2, 2018 decision in the *Anderson Living Trust v. Energen Resources Corporation* appeal, No. 13-909-WJ/CJ, Tenth Cir. App. No. 16-2124.

## CLASS ACTION ALLEGATIONS

29.     The proposed Class is so numerous that joinder of all Class members is impractical.

30.     There are questions of law or fact common to the Class, including: (1) whether Energen was contractually obligated to pay royalties to the Class members based upon the proceeds received on the sale of residue gas, natural gas liquids, and condensate which came from the gas wells which were subject to the Class members' Royalty Agreements; and (2) whether

Energen breached the Class members' Royalty Agreements by consistently failing to pay the Class members royalties based on the proceeds received on the sale of gas, natural gas liquids and condensate which came from the gas wells subject to the Class members' Royalty Agreements.

31.     The claims of the Plaintiff against Energen are typical of the claims of the members of the Class against Energen.

32.     The Plaintiff will fairly and adequately protect the interests of the Class.

33.     The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members of the Class.

34.     A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

35.     The allegations contained in Paragraphs 1 through 34, inclusive, are restated and incorporated by reference herein.

36.     Energen breached its obligations to Plaintiff and the Class under the Royalty Agreements at issue by failing to pay royalties based upon the proceeds received on the sale of residue gas, natural gas liquids and condensate which came from the gas wells subject to Plaintiff's and the Class members' Royalty Agreements.

37.     As a direct result of Energen's failure to pay royalties on the proceeds received on the sale of residue gas, natural gas liquids, and condensate which came from wells subject to the Royalty Agreements at issue, Energen substantially underpaid the royalties owed to Plaintiff and the Class.

## SECOND CLAIM FOR RELIEF
### (Violation of the New Mexico Oil and Gas Proceeds Payment Act)

38.     The allegations contained in Paragraphs 1 through 37, inclusive, are restated and incorporated by reference herein.

39.     Pursuant to the New Mexico Oil and Gas Proceeds Payments Act, N.M.S.A. 1978 §§ 70-10-1, *et. seq.*, Energen was required to pay Plaintiff and the proposed Class their proportionate share of the proceeds received on the sale of residue gas, natural gas liquids and condensate which came from the wells subject to the Royalty Agreements at issue, and to make such payments either by the date specified in the Royalty Agreements, or by a date which was no later than forty-five days after the end of the calendar month in which the sale proceeds were received.

40.     Between September 1, 2007 and May 31, 2015, Energen failed to pay the amount of royalties owed to Plaintiff and the Class on the sales proceeds received on the sale of gas, including residue gas, condensate and individual natural gas liquid products, attributed to Plaintiff's and the Class members' ownership interests in the Energen Wells, by the date designated in the Royalty Agreement, or within forty-five days after the end of the month in which the sale proceeds on the sale of such gas to third party purchasers were received.

41.     Pursuant to N.M.S.A. 1978 § 70-10-5, Plaintiff and the Class members should be awarded all of the underpaid royalty amounts, together with prejudgment interest at the rate of eighteen percent per year, from the date of each royalty underpayment through the date of final judgment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.    An Order that the claims asserted herein by Plaintiff against Energen, on behalf of the defined Class, be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3), that Plaintiff Gerald Ulibarri be appointed as the Class Representative, and that attorneys George Barton and Rob Harken be appointed as Class Counsel;

B.    A judgment in favor of Plaintiff and the Class members on their claim for Energen's breach of the Royalty Agreements at issue, in an amount which equals the full amount of Energen's royalty underpayments through May 31, 2015, plus applicable prejudgment interest through the date of final judgment;

C.    A judgment in favor of Plaintiff and the Class on their claim that Energen has violated N.M.S.A. § 70-10-5 of the New Mexico Oil and Gas Proceeds Payment Act, and an award of prejudgment interest to Plaintiff and the Class on all of Energen's royalty underpayments at the rate of eighteen percent per annum, from the effective date of each royalty underpayment through the date of judgment;

D.    An award of attorney's fees to Plaintiff and the Class, pursuant to N.M.S.A. § 70-10-6 of the New Mexico Oil and Gas Proceeds Payment Act; and

E.    An award of court costs.

LAW OFFICES OF GEORGE A. BARTON, P.C.

By:  /s/ George A. Barton
George A. Barton Mo. Bar No. 26249
Robert G. Harken Mo. Bar No. 52975
7227 Metcalf Avenue, Suite 301
Overland Park, KS 66204
(913) 563-6250
gab@georgebartonlaw.com
rob@georgebartonlaw.com

and

NEWBOLD CHAPMAN & GEYER PC

By: _/s/ Michael Chapman_
Michael Chapman
150 East Ninth Street, Suite 400
Durango, CO 81302
(970) 247-3091
mchapman@ncg-law.com

**ATTORNEYS FOR PLAINTIFF AND
THE PROPOSED CLASS**