# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GERALD ULIBARRI, *on behalf of himself
and a class of similarly situated persons*,

    Plaintiff/Counter Defendant,

v.                                                                                                                            Civ. No. 18-294 RB/SCY

ENERGEN RESOURCES CORP.,

    Defendant/Counter Claimant.

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE THE ROYALTY OWNERS' ADDRESSES AND TELEPHONE NUMBERS

Plaintiff has filed a class action against Defendant that seeks royalty payments allegedly due in connection with leases on numerous natural gas wells. In an effort to obtain information Plaintiff argues is relevant to class certification, Plaintiff has moved to compel Defendant to produce royalty owners' addresses and telephone numbers. Doc. 41. Defendant resists such production, arguing that Plaintiff's motion to compel is untimely and, even if it were not, the information Plaintiff requests is unjustified because it intrudes on the privacy of the individuals Plaintiff intends to contact; is not necessary, reliable, or proportional to the needs of the case; and is duplicative and less current than information Plaintiff is already obtaining in a separate lawsuit. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Compel (Doc. 41).

**I.   Although Untimely, the Court Will Consider Plaintiff's Motion to Compel Based on Findings of Good Cause and Excusable Neglect**

Defendant argues that the Court should deny Plaintiff's motion to compel because it is untimely. Doc. 49 at 5. It points out that Plaintiff requested the contact information through a request for production served on August 15, 2018. *Id.* at 6. Defendant then served its objection to

1

this request on September 19, 2018. *Id*. Pursuant to District of New Mexico Local Rule 26.6, Plaintiff had 21 days thereafter to file his motion to compel. D.N.M.LR-Civ 26.6. Rather than filing his motion to compel on the October 10, 2018 due date, Plaintiff filed it on November 7, 2018.

Plaintiff acknowledges he untimely filed his motion to compel but argues that the Court should allow the late filing pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), which allows courts to consider untimely filed motions upon a finding of good cause and excusable neglect. Doc. 57 at 4; *see also* Fed. R. Civ. P. 6(b)(1)(B) (allowing Court to grant an extension of time to a party who has missed a deadline "for good cause . . . if the party failed to act because of excusable neglect."). In so arguing, Plaintiff overlooks the final sentence of Local Rule 26.6 which requires a "good cause" finding but no "excusable neglect" finding. D.N.M.LR-Civ 26.6 ("[f]or good cause, the Court may, *sua sponte* or on motion by a party, change the twenty-one (21) day period."). Given that the local rule which sets the 21-day requirement also contains a standard for modifying the requirement, it is doubtful that the standards of Rule 6(b)(1)(B) apply to, and supplant, the standard in the local rule itself. *See Williams v. City of Tulsa, Okla.*, 204 F. App'x 762, 764 (10th Cir. 2006) (unpublished) (rejecting argument that Rule 6(b) applies to time limit set by local rule). Nonetheless, because Plaintiff himself asserts that Rule 6(b) applies and because the end result is the same regardless of whether the Court applies the standards of Local Rule 26.6 or of Rule 6(b), the Court will conduct the "excusable neglect" analysis from Rule 6(b) as well as the "good cause" analysis found in both rules.[1] The Court begins with the "excusable neglect" standard.

---

[1] The Court further acknowledges that "the concepts of good cause, excusable neglect, and diligence are all related." *Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 544, 547 (D.N.M. July 24, 2011).

A determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)." *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005). The Court considers certain factors in deciding whether a party's neglect is excusable, including: (1) the danger of unfair prejudice to the opposing party; (2) the length of the delay caused by the neglect and its impact on judicial proceedings; (3) the reason for delay, and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party. *Torres*, 372 F.3d at 1162. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Services Co.*, 507 U.S. at 392. Further, rulings on discovery matters are within the broad discretion of the trial court. *See Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994).

Applying the Rule 6 factors here, the Court finds excusable neglect. First, while generally noting that the class certification discovery deadline was November 30, 2018, Defendant identifies no unfair prejudice. Doc. 49 at 6. The Court does not countenance Plaintiff missing the motion to compel deadline. The Court acknowledges, however, that Plaintiff sought the contact information from Defendant more than three months before the discovery deadline. Further, even had Plaintiff timely filed his motion to compel on October 10, 2018, briefing on the issue would not have been completed until shortly before the November 30, 2018 class certification discovery

deadline. Thus, this issue would not have been resolved before the November 30, 2018 deadline in any event. Nor has Plaintiff's late filing interfered with a trial or hearing date. As a result, the Court resolves this first factor in favor of Plaintiff.

Second, the length of delay does not threaten to severely impact the judicial proceedings. The length of delay is less than one month, no trial date has been set and Plaintiff's motion for class certification is not due until February 28, 2019. To the extent Plaintiff's failure to timely file his motion to compel causes a less than one month delay in the proceedings, given the current posture of this case, the delay would not constitute a "severe impact."

Third, Plaintiff has asserted a sufficient reason to excuse the delay. Plaintiff points out that Judge Ritter had just decided a nearly identical issue in a related case and argues that it would have been inefficient to immediately litigate the same issue without first trying to to resolve it informally. Doc. 57 at 5. Judge Ritter did, on October 1, 2018, orally grant a motion to compel in a related case that was almost identical to the one currently before the Court. *See Ulibarri v. Southland Royalty Company, LLC*. 16-cv-215-RB-JHR, Doc. 58.[2] Given the similarity in discovery Judge Ritter ruled Plaintiff could obtain from Southland and the discovery Plaintiff seeks from Defendant in this case, it was reasonable for Plaintiff to believe that he could resolve the issue with Defendant informally and thereby avoid the expenditure of costs and resources associated with litigating a motion to compel. Thus, although Plaintiff should have sought an extension of the motion to compel filing deadline, Plaintiff's reason for not timely filing his motion to compel weighs in his favor.

Fourth, Plaintiff acted in good faith. The Court has no indication that Plaintiff delayed filing his motion for any reason other than a desire to avoid litigating an issue Plaintiff reasonably believed could be worked out informally. Importantly, "[t]here is no indication that

---

[2] Judge Ritter followed his oral ruling with a written Order filed October 16, 2018. Doc. 63.

the tardiness was part of a strategy designed to gain a tactical advantage." *In re Four Seasons Sec. Laws Litigation*, 493 F.2d 1288, 1290 (10th Cir. 1974); *see also Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987) ("[S]ome showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required") (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985)) (quotation marks and emphasis omitted).

Finally, based on Plaintiff's asserted reason for his late filing, an absence of bad faith, and an absence of prejudice, the Court finds good cause exists to permit the late filing. *See Four Seasons*, 493 F.3d 1288 ("noting that "Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period" and succinctly finding "[i]nasmuch as there was no showing of bad faith or prejudice to the appellant, the trial court's ruling enlarging the time under Rule 6(b)(2) was not erroneous."). Although Plaintiff should have filed a motion to extend the time to file a motion to compel and is cautioned to avoid future late filings, the Court finds good cause and excusable neglect to justify allowing Plaintiff to file his motion to compel late.

## II. The Burden of Producing the Requested Information is Proportional to the Need for the Information

The Court agrees with Judge Ritter's determination that the addresses and telephone numbers of the royalty owners are relevant to issues of class certification, including numerosity and ascertaining which royalty owners are members of the proposed Class. *See Ulibarri v. Southland Royalty Company, LLC*, Case No. 16-cv-215-RB-JHR, Doc. 63 at 1. Nonetheless, in addition to arguments Judge Ritter already considered, Defendant presents the additional argument that Plaintiff does not need the information requested because it is duplicative and less current than information Judge Ritter ordered Southland to provide Plaintiff. Defendant,

however, stops short of representing that, without exception, its contact information pertains to the same individuals identified in Southland's discovery. Thus, it appears that Defendant's information may at least supplement the information Judge Ritter ordered Southland to provide Plaintiff. Because Defendant has not asserted, much less established, that production of the information sought would be burdensome, it is appropriate for Defendant to provide the contact information Plaintiff requests.

## III. The Court Will Adopt Judge Ritter's Order with Added Conditions

The Court agrees with, and adopts with slight modification, Judge Ritter's Order in *Ulibarri v. Southland Royalty Company, LLC*, Case No. 16-cv-215-RB-JHR, Doc. 63. Specifically, the Court orders Defendant to produce to Plaintiff's counsel the addresses and telephone numbers of all its royalty owners within seven days of the date of this Order. The Court orders Plaintiff to then observe the same limitations on the use of this information that Judge Ritter imposed in his October 16, 2018 Order in *Ulibarri v. Southland Royalty Company*. In addition, the Court orders Plaintiff to cross-reference the information Southland has provided with information Defendant has provided to determine if the same individuals are on both lists. If Plaintiff has not yet contacted an individual who is on both lists, Plaintiff should discuss both cases with that individual simultaneously so that Plaintiff only contacts that individual once.

Given that Plaintiff untimely filed his motion to compel, the Court will not shift costs under Federal Rule of Civil Procedure 37 – each party must bear its own costs related to Plaintiff's motion to compel.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE