# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GERALD ULIBARRI,

      Plaintiff,

v.                                                     No. CIV 1:18cv0294 RB/SCY

ENERGEN RESOURCES CORPORATION,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend the Case Management Order Setting Deadlines for Filing Amended Claims and Adding Additional Parties and Motion for Leave to File a Second Amended Class Action Complaint. (Doc. 33.) Jurisdiction arises under 28 U.S.C. § 1332. Having considered the submissions of counsel and relevant law, the Court will **GRANT IN PART** Plaintiff's motion.

**I.    Background**

Plaintiff brings this putative class action on behalf of himself and other class members to recover proceeds they are allegedly owed under Royalty Agreements with Defendant Energen Resources Corporation (Energen). Plaintiff filed both his original Class Action Complaint (Doc. 1) and his First Amended Class Action Complaint (Doc. 3 (Am. Compl.)) on March 29, 2018. Plaintiff brings claims for breach of contract and violation of the New Mexico Oil and Gas Proceeds Payment Act. (*See id.* ¶¶ 35–41.) Energen filed its Answer and Counterclaim on May 25, 2018. (Doc. 9.)

The Court filed its Order Setting Case Management Deadlines and Discovery Parameters for Pre-Class Certification Discovery on August 3, 2018. (Doc. 27.) The Court imposed a deadline

of September 14, 2018, for Plaintiff to move to amend his pleadings or add additional parties. (*Id.* at 2.) Non-expert discovery pertaining to class certification ended on November 30, 2018. (*Id.*) The Court imposed a briefing schedule for Plaintiff's motion for class certification, with the motion due on March 11, 2018, and briefing complete on April 26, 2019. (*See* Doc. 28; deadlines extended by Doc. 69.)

Following certification-related discovery, Plaintiff filed this motion to amend. He seeks to file a Second Amended Class Action Complaint with three changes: (1) the removal of allegations related to tolling under the applicable statute of limitations (*see* Am. Compl. ¶ 28); (2) the addition of White River Royalties, LLC (White River) as an additional named plaintiff; and (3) the amendment of the class definition to include two newly discovered types of Royalty Agreements. (*See* Doc. 33 at 1–2.) With respect to the third change, Plaintiff's proposed class in the Second Amended Complaint would include "[a]ll persons and entities to whom Energen paid royalties on natural gas produced by Energen from wells located in the state of New Mexico between March 29, 2012[,] and May 31, 2015, pursuant to leases or overriding royalty agreements (collectively, 'Royalty Agreements')" that contain one of the following types of royalty provisions:

> [(1)] a royalty provision which obligated Energen to pay royalties based on a specified percentage of "the proceeds of the gas, as such, for gas from wells where gas only is found," ("proceeds royalty provision")[; (2)] a royalty provision which obligate[d] Energen to pay royalties based upon a specified percentage "of the gross proceeds each year, payable quarterly, for the gas from each well where gas only is found" ("gross proceeds royalty provision")[; (3)] a royalty provision which obligate[d] Energen to pay royalties based upon a specified percentage "of the gross proceeds at the prevailing market rate" ("gross proceeds at the prevailing market rate royalty provision")[; (4)] a royalty provision which obligate[d] Energen to pay royalties based upon a percentage of the greater of "(i) the market value of the product sold or used in a condition acceptable for delivery to a transmission pipeline, or (ii) the gross proceeds received by Lessee upon arm[']s length sale of such as conditioned for delivery to a transmission pipeline" ("greater of market value or gross proceeds royalty provision")[; or (5)] a royalty provision which obligate[d] Energen to pay royalties based upon a specified percentage of the gross

proceeds without "deduction from the value of Lessor's royalty by reason of any required processing, cost of dehydration, compression, transportation, or other matter associated with marketing gas produced from the lands covered hereunder" ("gross proceeds without deduction of post-production costs royalty provision").

(Doc. 33-1 (2d Am. Compl.) ¶ 1.) The fourth and fifth types of Royalty Agreements in this list are new to the Second Amended Complaint. (*See* Doc. 33 at 2.) Plaintiff's substantive allegations and claims for relief remain unchanged. (*Compare* Am. Compl., *with* 2d Am. Compl.)

Energen does not oppose removing the allegations regarding the statute of limitations, but it does oppose the other two changes. (*See* Doc. 36.) Energen contends that Plaintiff learned of the information that forms the basis for his motion in late August 2018; thus his motion—filed approximately four weeks after the deadline to file a motion to amend—is untimely. (*See id.* at 3.)

At the heart of Plaintiff's case are leases that Energen originally had an interest in. (*See id.* at 2–3.) Energen sold most of its interest in the leases to Southland Royalty Company (Southland) in March 2015.[1] (*Id.*) In fact, Plaintiff has a related case pending in this Court against Southland. *See Ulibarri v. Southland Royalty Co.*, 16cv0215 RB-JHR (D.N.M.) (the "Southland litigation"). Plaintiff has received similar discovery consisting of approximately 300 leases from both Energen and Southland, as many leases that Southland currently holds were formerly held by Energen. (*See* Doc. 36 at 2–3.)

On August 15, 2018, Southland produced leases that contained the two new royalty provisions that Plaintiff seeks to add to the class definition. (*See* Doc. 33 at 3.) On August 29, 2018, Energen produced leases with the "gross proceeds without deduction of post-production costs" royalty provision language, but no lease containing the "greater market value or gross

---

[1] Energen also assigned a portion of its interest in the leases to Logos Resources Capital Partners, LLC (Logos). (*See* Doc. 44 at 7.)

3

proceeds royalty provision" language.[2] (*See* Doc. 44 at 6.) On September 17, 2018, Plaintiff's counsel (Mr. Robert Harken) gave Energen's counsel a list of the leases Southland had produced but Energen had not, in an effort to help Energen complete its production. (*See* Docs. 33 at 7; 33-4.) Presumably, these leases included the two new royalty provisions. Energen's counsel responded on October 5, 2018, and produced some, but not all of the leases on Plaintiff's list. (*See* Doc. 33-5.) Energen's counsel stated that it had no intention to produce lease agreements with the "greater market value or gross proceeds royalty provision" language, because that provision does not appear in the First Amended Complaint's class definition. (*See id.*)

On August 30, 2018, Southland produced discovery that identified White River as a potential class member. (Doc. 33 at 6.) Because White River is a long-time client of Plaintiff's counsel, Mr. Harken reached out to White River to determine whether and under what lease agreements it had received royalties from Energen. (*Id.*) "On September 13, 2018, White River Royalties confirmed it had received royalties from Energen . . . ." (*Id.*) Energen produced data on September 19, 2018, that identified White River as a potential class member. (*Id.*) White River has asked Mr. Harken "to participate in this litigation as a named Plaintiff." (Doc. 33 at 4 (citing Doc. 33-2 ¶ 4).)

## II. Legal Standards

Rule 15 allows a party to amend its pleading once as a matter of course in limited circumstances. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend its pleading with "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 directs that leave shall be freely given "when justice so requires." *Id.* "The purpose of the Rule is to

---

[2] Energen continued to produce leases through at least September 17, 2018, which was after the court-imposed deadline to amend pleadings had passed. (*See id.* at 7 (citing Doc. 33-4).)

provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). A court may deny a motion for leave to amend where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is also implicated." *Soseeah v. Sentry Ins.*, No. CV 12-01091 RB/GBW, 2014 WL 12796813, at *1 (D.N.M. Apr. 18, 2014). "Rule 16(b)(4) provides that a scheduling order 'may be modified only for good cause and with the judge's consent.'" *Id.* (quoting Fed. R. Civ. P. 16(b)(4)). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (internal quotations omitted)). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Id.* (citing *Pumpco*, 204 F.R.D. at 668–69).

**III. Discussion**

    **A. The Court will grant Plaintiff's motion to extend the deadline to amend the complaint.**

Energen argues that Plaintiff lacks good cause under Rule 16 to file its motion approximately four weeks after the deadline to amend the complaint or add another party has

passed. (Doc. 36 at 4–6.) Energen contends that "Plaintiff learned White River was an Energen royalty owner as early as August 30" and "of the two new lease forms, at the latest, on August 29." (*Id.* at 5 (citing Doc. 33 at 6–7).) "Yet he waited another four weeks to amend his complaint, all the while nearing the October 31 deadline for the service of non-expert discovery." (*Id.* (citing Doc. 27 at 2).)

Plaintiff responds that while he may have received discovery that contained the necessary information at the end of August, his counsel had to analyze that information to determine whether it was relevant. (Doc. 44 at 4–5.) Specifically, Mr. Harken had to "determine if White River was paid royalties" during the relevant time period from a lease agreement that contained one of the relevant royalty provisions, and he had to sift through hundreds of pages of lease agreements to identify the relevant royalty provision language. (*Id.* at 5–6.) Moreover, "[i]t was not until October 5, 2018[,] that Ulibarri confirmed that Energen possessed lease agreements [that] contain 'the greater market value or gross proceeds royalty provision' . . . ." (*Id.* at 6.) Plaintiff filed this motion shortly thereafter.

It is clear that Plaintiff learned of the additional information relatively late in discovery. *See Gorsuch*, 771 F.3d at 1240. Plaintiff adequately explained that Mr. Harken had to perform an independent investigation of a large number of leases that were produced over the course of several months—some even after the deadline to file a motion to amend had passed. (*See* Docs. 33 at 7; 33-4.) Thus, "despite [Mr. Harken's] diligent efforts[,]" he was unable to meet the scheduling order deadline. *See Gorsuch*, 771 F.3d at 1240 (quotation omitted). The deadline for the motion to certify has not yet passed, and the Court is willing to grant the parties an extension on that briefing schedule if necessary. For these reasons, the Court finds good cause to grant Plaintiff's motion to extend the deadline to file an amended complaint.

**B.  The Court will grant Plaintiff's motion to remove the allegations regarding the statute of limitations and to add the two new royalty provisions to the class definition and deny the motion with respect to the addition of White River.**

Having granted Plaintiff's motion to extend the relevant case management deadline, the Court turns to the motion to amend the complaint. First, the Court will grant Plaintiff's motion to remove allegations relating to the statute of limitations, as Energen does not oppose this request. Energen opposes the remaining two proposed amendments on the grounds that Plaintiff's request is untimely and that Energen will be prejudiced by the amendments.

**1.  Timeliness**

Energen argues that the Court should deny Plaintiff's motion because it was filed after the deadline to move to amend had passed. "The fact that a motion to amend is filed late does not by itself justify the denial of a motion to amend." *ACC Consultants, Inc. v. Logistics Health, Inc.*, No. CIV. 09-1145 JP/RHS, 2011 WL 5212262, at *5 (D.N.M. Feb. 25, 2011) (citing *Minter*, 451 F.3d at 1205 (internal quotation omitted)). "However, denial of a motion to amend is appropriate if the movant does not provide an adequate explanation for the delay." *Id.* (citing *Minter*, 451 F.3d at 1206).

Energen contends that Plaintiff is attempting to turn "his claims into 'a moving target.'" (Doc. 36 at 6 (quoting *Minter*, 451 F.3d at 1206).) Yet, as Plaintiff points out, he is not adding any new *claims* to his complaint, only new types of lease provisions to which the existing claims may apply. (Doc. 44 at 8.) As "Plaintiff['s] proposed amendment [regarding the royalty provisions] does not add new claims[] and will not significantly alter the basic course of the litigation[,] . . . the complaint does not appear to be a moving target." *Soseeah*, 2014 WL 12796813, at *2 (citing *Viemow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)).

7

Energen cites several cases to support its position that Plaintiff's delay in filing this motion was undue, but the cases are all distinguishable. (*See* Doc. 36 at 4–5.) For example, in *Guidance Endodontics, LLC v. Dentsply, International, Inc.*, the court found that the plaintiff unduly delayed moving to amend its complaint where it "had access to enough information to generate its Amended Complaint in early March of 2009" but "did not file its motion to amend . . . until August 31, 2009 . . . ." No. CIV 08-1101 JB/RLP, 2009 WL 3672505, at *4 (D.N.M. Sept. 29, 2009). Moreover, the plaintiff filed its "motion ten days before trial . . . ." *Id.*; *see also Five Star Automatic Fire Prot., LLC v. Nuclear Waste P'ship, LLC*, Civ. No. 14-622 JCH/GBW, 2015 WL 13544092, at *2 (D.N.M. Dec. 9, 2015) (denying motion to amend answer to assert counterclaims where discovery had ended and trial date would need to be rescheduled). Neither of these circumstances are present here. Plaintiff waited only weeks to file this motion (approximately six weeks after receiving the discovery and taking time to independently investigate the discovery, and less than two weeks after Energen confirmed it had the relevant leases), and the parties are not up against a trial date. The Court finds that any delay in Plaintiff's motion was not undue.

        **2.**     **Prejudice**

The Court finds Energen will not be unduly prejudiced by the addition of the two new types of royalty provisions. "Prejudice exists where the amendment unfairly impacts defendants in terms of preparing their defense to the amendment." *Navarro v. N.M. Dep't of Pub. Safety*, No. 2:16-CV-1180-JMC-CG, 2018 WL 2770134, at *2 (D.N.M. June 8, 2018) (citing *Minter*, 451 F.3d at 1208). "This occurs often 'when the amended claims arise out of subject matter different from what was set forth in the complaint and raise significant new factual issues.'" *Id.* (quoting *Minter*, 451 F.3d at 1208).

Energen complains it will be prejudiced because the parties will require additional discovery to focus on the new types of leases and the new named plaintiff. (Doc. 36 at 6–7.) Plaintiff counters that "Energen's discovery responses are applicable to the new lease agreements which contain the two new royalty provisions[,]" and Energen already has the leases in its possession that contain the two new types of royalty provisions. (Doc. 44 at 9.) The Court finds that adding the two new types of royalty provisions, from leases that Energen already possesses, will not "raise significant new factual issues" or significantly impact Energen's defense. *See Navarro*, 2018 WL 2770134, at *2. "Moreover, any objections on expended time and resources" due to any perceived revision and expansion of discovery "must fail as well." *Id.* (citing *Bylin v. Billings*, 568 F.3d 1224, 1230–31 (10th Cir. 2009) (noting "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice")). The Court finds that adding the two new royalty provisions "does not change the nature of the case, nor does it present any new factual issues. Most likely, any additional discovery necessitated by this amendment is within [Energen's] control." *See Soseeah*, 2014 WL 12796813, at *3. Thus, the Court will grant Plaintiff's motion with respect to the addition of the two new royalty provisions.

The Court does not make the same decision with respect to the addition of White River as a named plaintiff. Plaintiff never offers a valid reason to add White River, he merely states that White River "requested to participate in this litigation as a named Plaintiff . . . ." (Doc. 33 at 4.) Plaintiff offers no further explanation to demonstrate what benefit will accrue if the Court adds White River, as its leases contain the same type of royalty provisions as those held by Mr. Ulibarri—the current named Plaintiff. (Doc. 44 at 5.) Because Plaintiff has not offered any legitimate reason to add White River as a named Plaintiff, the Court does not find that justice requires this amendment and will deny Plaintiff's motion as to this amendment.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend the Case Management Order Setting Deadlines for Filing Amended Claims and Adding Additional Parties and Motion for Leave to File a Second Amended Class Action Complaint (Doc. 33) is **GRANTED IN PART** as described herein. Plaintiff must file his Second Amended Class Action Complaint no later than **March 4, 2019**.

**IT IS FURTHER ORDERED** that if the parties wish to extend any other case management deadline in this matter, they must confer and file a motion no later than **March 7, 2019**.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**