IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD ULIBARRI and BRENDA ATENCIO,
on behalf of themselves and a class
of similarly situated persons,

                Plaintiff,

v.                                        No. 1:18-cv-00294-RB-SCY

ENERGEN RESOURCES CORPORATION,

                Defendant.

## ORDER GRANTING FINAL APPROVAL TO CLASS SETTLEMENT AGREEMENT AND FINAL JUDGMENT

On August 10, 2020, this case came before the Court for hearing to consider: (1) certification of a plaintiff class pursuant to Fed. R. Civ. P. 23; (2) approval of the Settlement Agreement dated effective January 3, 2020 (the "Settlement Agreement"); (3) approval of the Final Distribution Schedule and Reserved Fund Distribution Schedule; and (4) approval of the amount of attorneys' fees and expenses requested by Plaintiffs' counsel.

Plaintiffs and the proposed class appeared by and through George A. Barton and Stacy A. Burrows of the Law Offices of George A. Barton, P.C. Defendant appeared by and through Bradford C. Berge and Christopher A. Chrisman of Holland & Hart LLP.

A.      **CERTIFICATION OF PLAINTIFF CLASS.**

The parties requested the Court's consideration, pursuant to Fed. R. Civ. P. 23, of the creation of a Plaintiff Class, described as follows:

> all persons and entities to whom Energen paid royalties on natural gas produced by Energen from wells located in the state of New Mexico since March 29, 2012, pursuant to leases which contain royalty provision which obligated Energen to pay royalties based on a specified percentage of "the proceeds of the gas, as such, for gas

from wells where gas only is found," ("proceeds royalty provision"), or a royalty provision which obligates Energen to pay royalties based upon a specified percentage "of the gross proceeds each year, payable quarterly, for the gas from each well where gas only is found" ("gross proceeds royalty provision"), or a royalty provision which obligates Energen to pay royalties based upon a percentage of the greater of "(i) the market value of the product sold or used in a condition acceptable for delivery to a transmission pipeline, or (ii) the gross proceeds received by Lessee upon arms-length sale of such as conditioned for delivery to a transmission pipeline" ("greater of market value or gross proceeds royalty provision"), or a royalty provision which obligates Energen to pay royalties based upon a specified percentage of the gross proceeds without "deduction from the value of Lessor's royalty by reason of any required processing, cost of dehydration, compression, transportation, or other matter associated with marketing gas produced from the lands covered hereunder" ("gross proceeds without deduction of post-production costs royalty provision");

and

all persons and entities who received royalties since October 1, 2013, from an entity other than Energen ("Third Party Operator") on the sale of natural gas products produced and sold by the Third Party Operator from wells located in the State of New Mexico, pursuant to a lease in which Energen owned a portion or all of the lessee's interests, and which lease contains a royalty provision obligating the lessee to pay royalties based on either: (i) a specified percentage of "the proceeds of the gas, as such, for gas from wells where gas only is found," ("proceeds royalty provision"); or (ii) a royalty provision which obligates the lessee to pay royalties based upon a specified percentage "of the gross proceeds each year, payable quarterly, for the gas from each well where gas only is found" ("gross proceeds royalty provision").

The parties further requested the creation of two Plaintiff Subclasses (the "Subclasses") as follows:

<u>Subclass 1</u>: Gerald Ulibarri, and all persons and entities to whom Energen paid royalties on natural gas produced by Energen from wells located in the state of New Mexico since March 29, 2012, pursuant to leases which contain a royalty provision which obligated Energen to pay royalties based on a specified percentage of "the proceeds of the gas, as such, for gas from wells where gas only is found," ("proceeds royalty provision"), or a royalty provision which obligates Energen to pay royalties based upon a specified percentage "of the gross proceeds each year, payable quarterly, for the gas from each well where gas only is

found" ("gross proceeds royalty provision"), or a royalty provision which obligates Energen to pay royalties based upon a percentage of the greater of "(i) the market value of the product sold or used in a condition acceptable for delivery to a transmission pipeline, or (ii) the gross proceeds received by Lessee upon arms-length sale of such as conditioned for delivery to a transmission pipeline" ("greater of market value or gross proceeds royalty provision"), or a royalty provision which obligates Energen to pay royalties based upon a specified percentage of the gross proceeds without "deduction from the value of Lessor's royalty by reason of any required processing, cost of dehydration, compression, transportation, or other matter associated with marketing gas produced from the lands covered hereunder" ("gross proceeds without deduction of post-production costs royalty provision").

<u>Subclass 2</u>: Brenda Atencio, and all persons and entities who received royalties since October 1, 2013, from an entity other than Energen ("Third-Party Operator") on the sale of natural gas products produced and sold by the Third-Party Operator from wells located in the State of New Mexico, pursuant to a lease in which Energen owned a portion or all of the lessee's interests, and which lease contains a royalty provision obligating the lessee to pay royalties based on either: (i) a specified percentage of "the proceeds of the gas, as such, for gas from wells where gas only is found," ("proceeds royalty provision"); or (ii) a royalty provision which obligates the lessee to pay royalties based upon a specified percentage "of the gross proceeds each year, payable quarterly, for the gas from each well where gas only is found" ("gross proceeds royalty provision").

After hearing statements of counsel, after considering testimony in connection therewith, and after taking into account matters contained in the Court file, and after otherwise being duly advised of the pertinent circumstances, the Court makes the following findings:

1. There are several hundred members of the Plaintiff Class and their joinder would be impracticable. There are questions of law and fact common to the Plaintiff Class. The claims of the Plaintiff Class Representatives are typical of the claims of the Plaintiff Class. The Plaintiff Class Representatives will fairly and adequately protect the interests of the Plaintiff Class. The prerequisites to maintain this action as a class action set forth in Fed. R. Civ. P. 23(a) are met.

2. The questions of law and fact common to all members of the Plaintiff Class predominate over questions, if any, affecting only individual members, and a class action is

superior to any other available method for the fair and efficient adjudication of the controversy. The requirements of Fed. R. Civ. P. 23(b)(3) are met. Accordingly, a Plaintiff Class with the Subclasses identified above should be certified pursuant to Fed. R. Civ. P. 23(b)(3).

3. Plaintiffs Gerald Ulibarri and Brenda Atencio should be designated as the Class Representatives.

4. George A. Barton and Stacy A. Burrows of the Law Offices of George A. Barton, P.C. should be designated as Class Counsel.

**B.    APPROVAL OF SETTLEMENT AGREEMENT.**

The parties requested that the Court give final approval to the Settlement Agreement, which the Court preliminarily approved on February 28, 2020 [Dkt. #139].

After hearing statements of counsel, after considering testimony in connection therewith, taking into account matters contained in the Court file, and after otherwise being duly advised of the pertinent circumstances, the Court makes the following findings:

1. The defined terms of the Settlement Agreement are incorporated by reference.

2. Pursuant to the Order entered on February 28, 2020 [Dkt. #139], Class Counsel has complied with the Court's directions with respect to sending notice to the Class members. Class Counsel mailed the notice approved by the Court to all members of the Plaintiff Class who could be reasonably identified. Class Counsel also published notice in the *Albuquerque Journal* and the *Daily Times* of Farmington, New Mexico to alert unidentified Class members of the settlement. The notice to Class members and manner of sending such notice comply with due process and with Fed. R. Civ. P. 23.

3. Pursuant to Fed. R. Civ. P. 23(c)(2) and the terms of the notice, members of the Plaintiff Class have been provided with the opportunity to exclude themselves from the Plaintiff Class. No Class members have opted out of the Plaintiff Class.

4. Plaintiffs and Class Counsel have entered into the Settlement Agreement (i) after

taking into account the uncertainties, risks, and potential delays associated with the continued prosecution of this action, including those involved in securing a final judgment that would be favorable to the Plaintiff Class and not be disturbed on appeal; (ii) after taking into account the substantial benefits that will be received as a result of the settlement; and (iii) after having concluded that the settlement provided for herein confers substantial benefits on the members of the Plaintiff Class, is fair, just, reasonable, and adequate, and in the best interests of the Plaintiff Class.

5. Defendant has denied and continues to deny liability in this action, and asserted many defenses. Defendant entered into the settlement in order to put to rest the present controversy between Plaintiffs, the Plaintiff Class, and Defendant, and to avoid the further expense, inconvenience, and disruption of defending against the action. Defendant also has taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this action, and the fact that substantial amounts of time, energy, and resources of Defendant have been and, unless this settlement is consummated, will continue to be devoted to the defense of this action.

6. The Court finds that a class action settlement should be approved only if it is fair, reasonable, and adequate, after comparing the terms of the settlement with the likely results of litigation.

7. The Court finds that the settlement as set forth in the Settlement Agreement was arrived at through arms-length, vigorous, and extensive negotiations between Class Counsel and counsel for the Defendant.

8. The Court finds that the settlement as set forth in the Settlement Agreement was arrived at in good faith and was based on a realistic appraisal by the parties and their counsel of the difficulties inherent in a case of this magnitude and complexity.

9. The Court recognizes that if this settlement as set forth in the Settlement

Agreement had not been reached, even if the Plaintiff Class had prevailed, any recovery would have been delayed for a lengthy period of time given the high probability of an appeal and, in the event of a reversal or modification, a further delay resulting from another lengthy trial.

10. Based upon the evidence presented, the arguments of counsel, and the entire record in the case, the Court concludes that the Settlement Agreement is fair, adequate, and reasonable, and accordingly, the Settlement Agreement and the terms of the settlement contained therein should be and hereby are finally approved.

### C.   AWARD OF FEES AND EXPENSES.

Class Counsel have requested that their application for attorneys' fees and expenses and their application for incentive awards to the Class Representatives [Dkt. #141] be approved. Defendant takes no position on this request.

After hearing statements of Class Counsel, after considering testimony in connection therewith, after taking into account matters contained in the Court file, and after otherwise being duly advised of the pertinent circumstances, the Court finds:

1. Class Representative Gerald Ulibarri should be awarded an incentive award of $10,000;
2. Class Representative Brenda Atencio should be awarded an incentive award of $5,000;
3. Class Counsel should be awarded reasonable attorneys' fees in the amount of $265,990, and litigation expenses in the amount of $186,010.

The Court directs that such fees and expenses be paid to Class Counsel from the Settlement Amount defined in paragraph 2 of the Settlement Agreement.

### D.   APPROVAL OF THE FINAL DISTRIBUTION SCHEDULE AND RESERVED FUND DISTRIBUTION SCHEDULE.

The parties presented to the Court the Final Distribution Schedule, which represents the Class members proportionate share of the Settlement Amount defined in paragraph 2 of the

Settlement Agreement, less the amounts awarded in paragraph C above. The parties also presented to the Court the Reserved Fund Distribution Schedule, which represents the Subclass 2 Class members proportionate share of the Reserved Funds defined in paragraphs 2 and 5 of the Settlement Agreement. The Court finds that the Final Distribution Schedule and Reserved Fund Distribution Schedule should be approved and the Court approved the manner in the Final Distribution Schedule and Reserved Fund Distribution Schedule were prepared. Class Counsel shall distribute payments to the Class members consistent with the Final Distribution Schedule and Reserved Fund Distribution Schedule, as provided in paragraph 7 of the Settlement Agreement.

      IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

      1.    The findings herein shall be the Order of the Court.

      2.    The parties shall take any and all steps necessary to implement the Settlement Agreement according to its terms and the terms of this Order.

      3.    The Class' Released Claims (as defined in paragraph 8 of the Settlement Agreement) are fully and completely settled, discharged, and released. Distribution of the Settlement Amount shall be conducted pursuant to paragraph 7 of the Settlement Agreement, class members are deemed conclusively to have released and settled the Class' Released Claims. All such members of the Plaintiff Class are barred and permanently enjoined from commencing or prosecuting, either directly, representatively, derivatively or in any capacity, and of the Settled Claims, against the Energen Released Parties (as that term is defined in paragraph in paragraph 8 of the Settlement Agreement).

      4.    Without affecting the finality of this Final Judgment in any way, this Court shall retain continuing and exclusive jurisdiction of this action to address any issues concerning implementation of the Settlement Agreement and enforcing this Final Judgment.

**THEREFORE**,

**IT IS ORDERED** that the parties' Joint Motions to Approve Settlement (Docs. 129; 143) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Attorney Fees (Doc. 141) is **GRANTED**.

*/s/ Robert Brack*
_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**